In re MILK PRODUCTS ANTITRUST LITIGATION.

No. 3–96–458.

United States District Court, D. Minnesota, Third Division.

Dec. 19, 1997.

Jack L. Chestnut, Karl L. Cambronne, Jeffrey D. Bores, Chestnut & Cambronne, Minneapolis, MN, John Alexander Cochrane, Cochrane & Bresnahan, St. Paul, MN, Hugh V. Plunkett, Robert Kinney Shelquist, Bryan John Leary, Plunkett Schwartz Peterson,

Minneapolis, Richard P. Olson, Olson Burns & Lee, Minot, ND, Kevin Wayne Rouse, Rouse Law Office, Richard A. Lockridge, Lockridge Grindal Nauen, Minneapolis, MN, for Littlestore of Minneapolis, Inc., KML Incorporated, a Minnesota corporation dba City Convenience dba Cafe Leonardo's dba First Heritage, plaintiffs.

Jerome B. Pederson, Todd A. Wind, Lora Esch Mitchell, Fredrikson & Byron, William Leroy Sippel, Gary Maynard Hansen, Oppenheimer Wolff & Donnelly, Donald Wayne Niles, Patterson & Keough, Minneapolis, MN, Mark C. Schechter, Peter Moll, Howrey & Simon, Washington, DC, Steven G. Mahon, Ryan Mahon & Brown, St. Paul, MN, George Orlyn Ludcke, Kelly & Berens, Minneapolis, MN, Alan Hall Maclin, W. Patrick Judge, Briggs & Morgan, St. Paul, MN, James Lloyd Volling, Faegre & Benson, Minneapolis, MN, Joseph Michael Sokolowski, Parsinen Kaplan Levy Rosberg & Gottlieb, Minneapolis, MN, Robert G. Schiefelbein, Schiefelbein Law Office, Eden Prairie, MN, for Marigold Foods Inc., a Delaware corporation, Land O'Lakes, Inc., Meyer Bros. Dairy Inc., a Minnesota corporation, Oak Grove Dairy Inc., a Minnesota corporation dba Oak Grove Dairy, Schroeder Brothers, Inc., a Minnesota corporation, Marigold Venture Inc., a Delaware corporation dba Franklin Foods, Country Lake Foods, Inc., sued as Country Lake Foods, a Delaware corporation, K & P Company Inc., a Minnesota corporation dba Polka Dot Dairy Inc., John Doe, Richard Roe, XYZ Corporation, Bolswessanen USA Inc., Bolswessanen Holdings, Inc., Schroeder Milk Company, Inc., sued as Schroeder Milk Co., Inc., a Minnesota corporation, Geo Benz & Sons Inc., a Minnesota corporation dba Oak Grove Dairy, defendants.

## PRETRIAL ORDER NO. 8

MAGNUSON, District Judge.

This matter is before the Court upon Plaintiffs' Motion for Certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiffs' two Motions for Certifi-

cation pursuant to 28 U.S.C. § 1292(b), and upon Plaintiffs' Petition for Leave to take Merit-based Depositions. For the following reasons, Plaintiffs' motions are denied.

### A. Motion for Certification Pursuant to Rule 54(b)

Plaintiffs request that this Court certify as final its Order granting Defendant K & P Company, Inc.'s ("K & P") motion to dismiss. Rule 54(b) states in pertinent part:

> When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b). Here, the element at issue is whether there is no just cause for delay, thereby warranting a final judgment order.

Plaintiffs assert three arguments in support of their motion. First, Plaintiffs argue that they potentially face a second trial against K & P if they are not allowed to appeal the dismissal immediately. Second, Plaintiffs contend that they will be required to seek third-party deposition and document discovery from K & P regardless of whether K & P is a defendant in the suit. Finally, Plaintiffs assert that this Court's decision must be subject to appellate review because it will serve as precedent regarding the pleading standard in an antitrust case.

■ The determination of whether to direct that a final judgment be entered under Rule 54(b) is within the sound discretion of the trial court. *See Harris v. Secretary,* 119 F.3d 1313, 1320 (8th Cir.1997). Additionally, a strong policy exists in favor of avoiding piecemeal appeals. *See Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *Interstate Power Co. v. Kansas City Power & Light Co.,* 992 F.2d 804, 807 (8th Cir.1993). There-

fore, this Court finds Plaintiffs' arguments unavailing. This Court's previous Order found that Plaintiffs failed to sufficiently allege a cause of action against K & P. Therefore, it is unlikely that Plaintiffs will ever face a second trial against K & P. Additionally, as K & P points out, there is a strong likelihood that further developments in this case could moot the need for appellate review. (*See* K & P's Mem. Opp'n at 3.); *see also United States Fire Ins. Co. v. Smith Barney, Harris Upham & Co.,* 724 F.2d 650, 652 (8th Cir.1983) (voicing concern over the issue of mootness and a Rule 54(b) motion for certification). Further, Plaintiffs may still be allowed to seek relevant deposition testimony from K & P if necessary. Finally, despite Plaintiffs' assertion, this Court's Order will be subject to appellate review should either party choose to file an appeal at the conclusion of this litigation. Thus, Plaintiffs have failed to establish that there is no just cause for delaying the appeal of K & P's dismissal. Accordingly, Plaintiffs' motion is denied.

### B. Motions for Certification Pursuant to 28 U.S.C. § 1292(b)

Plaintiffs request that this Court certify for appeal the dismissal of Plaintiffs' claims against Country Lake Foods and the dismissal of Plaintiffs' fraudulent concealment allegations against all Defendants. This request is made under 28 U.S.C. § 1292(b), which allows such certification when

> a district judge . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b). Plaintiffs assert that the two requirements of this section are met. However, this Court again notes the judicial policy of discouraging piecemeal appeals " 'because most often such appeals result in additional burdens on both the court and the litigants. Permission to allow interlocutory

appeals should thus be granted sparingly and with discrimination.'" *See White v. Nix,* 43 F.3d 374, 376 (8th Cir.1994) (quoting *Control Data Corp. v. IBM,* 421 F.2d 323, 325 (8th Cir.1970)). Thus, Plaintiffs bear a "heavy burden of demonstrating that [this] case is an exceptional one in which immediate appeal is warranted." *See id.* (citing *Bank of New York v. Hoyt,* 108 F.R.D. 184, 189 (D.R.I. 1985)).

■ First, as to the dismissal of Country Lake Foods, Plaintiffs argue that substantial grounds for differing opinions exist regarding whether a successor liability claim may be brought when a company has been dissolved. Plaintiffs further assert that this issue must be certified for appeal because of "the apparent conflict of decisions within this Circuit." (*See* Pls.' Mem. Supp. at 2). Plaintiffs, however, cite no cases discussing this apparent conflict. Moreover, this Court's September 30, 1997, Order noted that, because the fraudulent concealment allegations were insufficient, Land O'Lakes would have no potential liability under a theory of successor liability. *See In re Milk Prods. Antitrust Litig.,* Civ. 3–96–458 (D.Minn. Sept. 30, 1997) (Pretrial Order No. 7). This Court holds that Plaintiffs have failed to show that there are substantial grounds for a difference of opinion on this issue. Therefore, Plaintiffs' Motion for Certification on the issue of Country Lake Foods' dismissal from this action is denied.

■ Plaintiffs also request certification of the fraudulent concealment issue. Plaintiffs claim that a difference of opinion exists as to whether due diligence must be pled in Plaintiffs' complaint. As this Court noted in its Order dismissing the fraudulent concealment claims, the Supreme Court itself has stated that Plaintiffs must show due diligence to successfully assert such a claim. *See Klehr v. A.O. Smith Corp.,* 521 U.S. 179, 117 S.Ct. 1984, 1993, 138 L.Ed.2d 373 (1997). Therefore, this issue is not one on which there exists substantial grounds for differing opinions. Plaintiffs also assert that a question exists as to whether they must prove acts of

concealment by each member of the conspiracy. However, this Court's previous Order indicated that Plaintiffs *failed* to plead any significant acts of concealment by any of the alleged conspirators. Therefore, Plaintiffs' contention is irrelevant and need not be certified for appeal. Moreover, Plaintiffs were given ample opportunity to adequately plead their claim of fraudulent concealment in their Second Amended Complaint.

Finally, this Court finds a lack of support in Plaintiffs' contention that the Court's dismissal of the fraudulent concealment allegations will materially hinder the termination of this litigation. Obviously, the way in which the dismissal will "hinder" the litigation is that Plaintiffs will not be able to recover anything beyond the four-year statute of limitations. Again, this Court provided Plaintiffs with a "second chance" to successfully plead fraudulent concealment, and Plaintiffs failed. Plaintiffs' own failure is no justification for this Court granting certification. Accordingly, Plaintiffs' Motion for Certification on the fraudulent concealment issue is denied.

**C. Petition for Leave to Take Merit–Based Depositions**

Finally, Plaintiffs petition this Court to take the depositions of nine individuals who are former employees of the several Defendants. The Amended Pretrial Schedule for this litigation states that "discovery on class issues shall commence immediately," and is to conclude in March 1998, when all other discovery shall commence. Thus, unless Plaintiffs can show cause, this schedule may not be amended. *See* Local R. 16.3.

■ Plaintiffs' sole support for their petition is an affidavit stating that "the Deponents named in this motion all have reached retirement age, or are rapidly approaching that age, and some of them are in ill health." (Cochrane Aff. ¶ 7.) Plaintiffs fail to provide any specifics which would help this Court ascertain whether such depositions are truly necessary. Surely "retirement age" does not amount to showing cause for commencing

discovery at this early date. If Plaintiffs wish to take such depositions, they must show cause for each individual. A general statement that some of the individuals are in "ill health" is not sufficient. Accordingly, Plaintiffs' Petition for Leave to take Merit-based Depositions is denied.

### D. Conclusion

Plaintiffs have failed to provide ample support for why portions of this Court's previous Order should be certified for appeal. Plaintiffs' motions fail to provide justification for allowing this litigation to go forward in a piecemeal fashion. Consequently, Plaintiffs' motions to certify are denied. Additionally, Plaintiffs failed to show cause for why they should be allowed to take merit-based depositions before the time indicated on the pretrial schedule. Therefore, this motion is denied as well.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for Certification Pursuant to Federal Rule of Civil Procedure 54(b) (Clerk Doc. No. 155) is DENIED;

2. Plaintiffs' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) (Clerk Doc. No. 156) is DENIED;

3. Plaintiffs' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) (Clerk Doc. No. 157) is DENIED; and

4. Plaintiffs' Petition for Leave to Take Merit-based Depositions (Clerk Doc. No. 158) is DENIED.