INTERSTATE POWER COMPANY, a Delaware corporation, Plaintiff,

v.

KANSAS CITY POWER & LIGHT COMPANY, a Missouri corporation; Iowa–Illinois Gas & Electric Company, Defendant.

KANSAS CITY POWER & LIGHT COMPANY, a Missouri corporation, Third Party–Plaintiff,

v.

IOWA–ILLINOIS GAS & ELECTRIC COMPANY, Third Party–Defendant.

KANSAS CITY POWER & LIGHT COMPANY, a Missouri corporation, Third Party–Plaintiff–Appellant,

v.

BOB McKINESS EXCAVATING & GRADING, INC., Third Party–Defendant–Appellee.

BOB McKINESS EXCAVATING & GRADING, INC., Fourth Party–Plaintiff,

v.

CITY OF MASON CITY; Iowa Department of Natural Resources, Fourth Party–Defendant.

No. 92–1910.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1992.

Decided May 6, 1993.

Terry Schackmann, Kansas City, MO (Jerome T. Wolf, Terry W. Schackmann and David C. Linder, on the brief), for appellant.

Stephen D. Hardy, Des Moines, IA (Stephen D. Hardy, Iris J. Post and David C. Duncan on the brief), for appellee.

Before BOWMAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

In this case, we address whether a final judgment should have been entered dismissing fewer than all of the claims and parties in complex environmental litigation. The district court determined under Fed.R.Civ.P. 54(b) that there was no just reason to delay entering final judgment on its order dismissing the third-party contribution claim of Kansas City Power and Light Company ("KCPL") against Bob McKiness Excavating & Grading, Inc. ("McKiness"). KCPL then appealed. We conclude that the Rule 54(b) determination was an abuse of discretion and dismiss the appeal.

## I.

Interstate Power Company's ("IPC") property in Mason City, Iowa, is contaminated with coal gas tars and tar residues. The contaminants were initially generated by a manufactured gas plant operated on the site

until 1931. KCPL bought the property in 1932, "decommissioned" the gas plant in 1952, and sold the site to IPC in 1957.

In 1984, McKiness entered into a contract with Mason City ("the City") to build a sanitary sewer across the property. McKiness's blasting operations disturbed long-buried coal gas contaminants. When McKiness began pumping excess ground water into nearby Willow Creek, an oily sheen appeared on the creek's surface. The Iowa Department of Natural Resources ("IDNR") ordered an investigation and McKiness performed exploratory drilling into suspected areas of contamination. Eventually, IPC and the City agreed that McKiness should resume construction of the sewer under the supervision of IDNR. KCPL alleges that, in the course of these operations, McKiness deposited contaminated soil into an unlined pile in the corner of the property, discharged contaminated water into an unlined pond, and allowed contaminated water to seep into bedrock fissures created by McKiness's blasting.

Not surprisingly, the property ended up on the Environmental Protection Agency's list of "Superfund" sites, properties designated for compulsory cleanup under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). 42 U.S.C. §§ 9601 *et seq.* On June 3, 1986, IPC and EPA entered into a consent order in which IPC agreed to clean up the site. In May 1989, IPC commenced this action by suing Iowa–Illinois Gas & Electric Company, as successor to the gas plant utility, and KCPL to recover IPC's cleanup costs.

KCPL filed third-party claims for contribution against McKiness and Iowa–Illinois. McKiness asserted fourth-party claims against the City and IDNR and then moved for summary judgment on KCPL's third-party claims, arguing that it cannot be liable for contribution under CERCLA because it is not a "potentially responsible person" as defined in 42 U.S.C. § 9607(a). *See* 42 U.S.C. § 9613(f)(1). In its response, KCPL asserted that McKiness is a "potentially responsible person" because it "arranged for disposal" of contaminants within the meaning of § 9607(a)(3). Although KCPL's third-party complaint also had alleged that McKiness

is liable as an "owner" and "operator" of the facility under §§ 9607(a)(1) and (a)(2), KCPL did not raise those issues in opposing McKiness's motion for summary judgment.

On October 15, 1991, the district court granted summary judgment in favor of McKiness (the "October 15 Order"). Noting that KCPL had only contested McKiness's summary judgment motion on the § 9607(a)(3) issue, the court held that McKiness did not arrange for disposal as a matter of law because McKiness's work on the site was directed by the City, IDNR, and IPC, and because "the [contractual] authority for control of the disposal remained with IPC." The court also dismissed KCPL's alternative claim for contribution under Iowa Code § 668.5.

On October 31, KCPL moved for reconsideration of the October 15 Order, now urging the district court to address McKiness's alleged liability under §§ 9607(a)(1) and (a)(2). The district court treated KCPL's motion as a Rule 60 motion and denied it for failing to present "any of the requisite reasons for relief under Rule 60." However, the court granted KCPL's alternative request that the October 15 Order be entered as a final judgment under Rule 54(b). Despite McKiness's opposition to the request, the court concluded that Rule 54(b) certification was appropriate because the claims against McKiness and the unadjudicated claims are sufficiently separate, the claims against McKiness will not be mooted by other actions in the lawsuit, and an immediate appeal would promote judicial economy by finally determining whether McKiness is a potentially responsible person under CERCLA.

KCPL appealed both the October 15 Order and the order denying its motion to reconsider. If the Rule 54(b) determination is ineffective, however, we lack jurisdiction because there is no final district court order. *See Bullock v. Baptist Memorial Hosp.*, 817 F.2d 58, 59–60 (8th Cir.1987).

## II.

Rule 54(b) permits the district court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express deter-

mination that there is no just reason for delay." In determining that there is "no just reason for delay," the district court must consider both the equities of the situation and "judicial administrative interests," particularly the interest in preventing piecemeal appeals. *See Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980). Applying the abuse of discretion standard of review, we largely defer to the district court's weighing of the equities. We subject its analysis of appellate administrative interests, however, to closer scrutiny. *Id.* at 10, 100 S.Ct. at 1466. A Rule 54(b) determination should not be made routinely; it is only the "special case" that warrants an immediate appeal from a partial resolution of the lawsuit. *Hardie v. Cotter & Co.*, 819 F.2d 181, 182 (8th Cir.1987).

### A.

■ The district court treated KCPL's motion to reconsider as a Rule 60 motion and denied it because KCPL failed to allege grounds for relief under Rule 60(b). However, Rule 60(b) only applies to motions for relief from "a final judgment, order, or proceeding." The October 15 Order was not final when KCPL filed its motion to reconsider as all of the claims between the other parties to the litigation remained unresolved in the district court. Under the last clause of Rule 54(b), a non-final order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." The district court, then, should have addressed the issues KCPL raised in its motion for reconsideration. The district court's error in refusing to address KCPL's motion to reconsider on the merits, particularly whether McKiness may be liable under §§ 9607(a)(1) and (a)(2), is an important reason why the Rule 54(b) determination was inappropriate. Resolution of McKiness's alleged liability under each of the subsections of § 9607(a) requires familiarity with the same nucleus of facts and involves analysis of similar legal

issues. In the interest of appellate efficiency, McKiness's liability under all subsections of § 9607(a) should be resolved in a single appeal.

■ McKiness contends that KCPL abandoned its claims under §§ 9607(a)(1) and (a)(2) when it failed to argue those claims in response to the motion for summary judgment. We disagree. Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim. *See Anchorage Assoc. v. Virgin Island Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir.1990); *Stiffel, Nicolaus & Co. v. Dain, Kalman & Quail, Inc.*, 578 F.2d 1256, 1263 (8th Cir.1978). Recent cases suggest that the facts *as stated by the district court in its October 15 Order* raise a serious question whether McKiness may be liable at least under § 9607(a)(2). *See Kaiser Aluminum & Chem. Corp. v. Cattelus Dev. Corp.*, 976 F.2d 1338, 1341–43 (9th Cir.1992) (contractor may be liable as an "operator" for excavating and grading contaminated soils).[1]

### B.

■ Even if the district court had resolved all § 9607(a) issues, however, we would not uphold the Rule 54(b) determination in this case. KCPL's third-party claim seeks contribution under § 9613(f) *if* KCPL is liable to IPC in the principal action. An order dismissing a third-party claim for contribution or indemnity should rarely be certified for immediate appeal under Rule 54(b). *See United States Fire Ins. Co. v. Smith Barney, Harris Upham & Co.*, 724 F.2d 650, 653 (8th Cir.1983). The judicial administrative interest in deferring such appeals was forcefully noted in *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1284 (6th Cir.1986):

> [J]uridical concerns counsel against the immediate appeal of a question of indemnity apart from or, at least, prior to the consid-

---

**1.** *Kaiser* also suggests that a contractor who moves hazardous material from a contaminated to an uncontaminated area of the same property may be liable as a "transporter" under

§ 9607(a)(4). *Kaiser,* 976 F.2d at 1343. We express no view on any of these § 9607(a) issues as they must be considered in the first instance by the district court.

eration on appeal of the question of whether any liability exists.... [B]y its very nature indemnity is collateral to and dependent upon a finding of liability.... [T]his juridical concern is alone sufficient to warrant our finding that the district court abused its discretion [in making a Rule 54(b) determination].

See also *Allegheny Airlines, Inc. v. LeMay,* 448 F.2d 1341, 1343 (7th Cir.), *cert. denied,* 404 U.S. 1001, 92 S.Ct. 565, 30 L.Ed.2d 553 (1971).

This case well illustrates the wisdom of the general rule. In the main action, KCPL has asserted a defense based upon a hold harmless clause in its 1957 purchase agreement with IPC. If IPC's claim against KCPL fails, KCPL's contribution claim against McKiness becomes moot. Absent extremely good reason to do so,[2] we are unwilling to resolve novel and important issues of statutory construction under CERCLA when those issues may well become moot.

Moreover, even if KCPL has no complete defense in IPC's main action, we find good reasons not to review McKiness's dismissal at this stage of the proceedings. If both IPC and KCPL are liable under CERCLA, the district court must apportion their cleanup responsibilities. The district court may determine that each caused a distinct harm capable of division, in which case "each is subject to liability only for the portion of the total harm that he himself has caused." *United States v. Alcan Aluminum Corp.,* 964 F.2d 252, 268 (3d Cir.1992) (quoting Restatement (Second) of Torts § 881). In this event, KCPL's third-party claim would likely be moot because McKiness had nothing to do with the harm caused when KCPL owned the site.

On the other hand, if IPC and KCPL are determined to be jointly and severally liable for the entire cleanup, as in most CERCLA cases, the district court in the main action may still exercise its equitable powers and apportion liability according to the relative harm caused by each of them. *See Allied Corp. v. Acme Solvents Reclaiming, Inc.,* 691 F.Supp. 1100, 1117–18 (N.D.Ill.1988). Under this approach, if the district court apportioned the harm caused by McKiness to IPC—which is not unlikely given the reason the court dismissed KCPL's third-party complaint—KCPL's third-party claim would again be moot.

We recognize that there are potential dispositions of the main action that would not moot KCPL's third-party claims. For example, the district court might decide to apportion the cleanup costs equally among all potentially responsible persons, or the court might find that cleanup costs were increased by actions McKiness took that were not directed and controlled by IPC. In either situation, unless McKiness is liable under the third-party complaint, KCPL might have to pay IPC for a share of any harm attributable to McKiness. In such a case, the district court might well wish to reconsider its dismissal of the third-party complaint on the now-complete fact record, an option permanently foreclosed by a Rule 54(b) determination directing entry of final judgment at this time.

### III.

For all the foregoing reasons, we conclude that judicial administrative interests weigh strongly against an immediate appeal of the dismissal of KCPL's third-party contribution claims. Therefore, the district court abused its discretion in directing that its October 15 Order be entered as a final judgment under Rule 54(b). This appeal is dismissed for lack of jurisdiction without prejudice to KCPL's right to file a timely appeal to this court when final judgment is entered in the district court.

---

**2.** In *New York v. AMRO Realty Corp.,* 936 F.2d 1420, 1426 (2d Cir.1991), and *Avondale Indus. Inc. v. Travelers Indem. Co.,* 887 F.2d 1200, 1204 (2d Cir.1989), *cert. denied,* 496 U.S. 906, 110 S.Ct. 2588, 110 L.Ed.2d 269 (1990), the court permitted appeals under Rule 54(b) from the dismissal of third-party claims for insurance coverage in CERCLA enforcement actions because the insured's claim that the insurer must defend the main action deserved immediate resolution. We agree that is a special case.