**Kristina JONES & Kim Marrs, Individually and on behalf of others similarly situated, Plaintiffs,**

v.

**CASEY'S GENERAL STORES, Defendant.**

No. 4:07–cv–400.

United States District Court, S.D. Iowa, Central Division.

April 28, 2008.

Eric P. Blank, Blank Law & Technology P.S., Seattle, WA, J. Barton Goplerud, Hudson Mallaney & Shindler PC, West Des Moines, IA, James B. Zouras, Ryan F. Stephan, Stephan Zouras, LLP, Chicago, IL, Jon E. Heisterkamp, Scott H. Peters, Peters Law Firm PC, Council Bluffs, IA, Jon A. Tostrud, Matthew Wiener, R. Brent Walton, Jonathan W. Cuneo, Cuneo Gilbert & Laduca LLP, Washington, DC, for Plaintiffs.

Amanda G. Wachuta, Edward W. Remsburg, Nathan John Overberg, Jason Michael Craig, Randall H. Stefani, Ahlers & Cooney PC, Des Moines, IA, Jeffrey D. Hanslick, Kimberly A. Jones, Husch Blackwell Sanders LLP, Kansas City, MO, for Defendant.

## ORDER

ROBERT W. PRATT, Chief Judge.

Before the Court is Plaintiffs' Motion for Reconsideration and Clarification of Court's Order Denying, in Part, Plaintiffs' Motion for Leave to Amend the Complaint, filed March 27, 2008. Clerk's No. 191. Defendant filed a Resistance to Plaintiffs' motion on April 15, 2008 (Clerk's No. 199) and Plaintiffs filed a reply on April 18, 2008. Clerk's No. 207. The matter is fully submitted.

## I. BACKGROUND

Plaintiffs filed a Complaint in the above-captioned action on May 30, 2007, alleging that Defendant failed to properly pay overtime compensation to its assistant managers, as required by the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 et seq. *See* Clerk's No. 64.3. On October 31, 2007, this Court conditionally certified Plaintiffs' FLSA claim as a collective action. *See* Clerk's No. 127. In its October

31, 2007 Order, the Court further provided the form of notice to putative opt-in collective members, and the manner in which such notice should be disseminated. *Id.* The deadline for opt-in consents provided in the Court approved notice was February 1, 2008. *Id.*

On November 20, 2007, Plaintiffs filed a Motion to Amend/Correct Collective Action Complaint. *See* Clerk's No. 133. In their Motion, Plaintiffs stated that "[s]ignificant developments have occurred since [the filing of the original Complaint] and the attached Amended Collective Action Complaint (Jury Trial Demanded) further clarifies and refines the nature of Plaintiff[s'] claims." *Id.* Specifically, Plaintiffs' Amended Complaint added an allegation within the FLSA claim that Defendant failed to properly pay employees a minimum wage for all hours worked, in violation of § 206 of the FLSA. Plaintiffs' Amended Complaint also asserted fourteen new "class action" counts premised on various state statutes from Iowa, Illinois, Indiana, Kansas, Minnesota, Missouri, Nebraska, and South Dakota. Defendant resisted Plaintiffs' Motion to Amend, but only as to some of the new claims alleged. Specifically, Defendant resisted Plaintiffs' attempt to insert a minimum wage claim under the FLSA, and Plaintiffs' claims under Counts V–VIII and XIII, for various violations of Illinois, Indiana, Kansas, and Missouri law. Over Defendant's objections, Chief Magistrate Judge Shields issued an Order granting the Plaintiffs' Motion to Amend. Clerk's No. 159 at 3.

Defendant appealed the Chief Magistrate Judge's grant of leave to amend and this Court overruled in part and sustained in part that ruling. In sum, the Court struck the Amended Complaint as it had been previously filed, but granted Plaintiffs leave to refile the proffered Amended Complaint no later than March 28, 2008, but only after excising the FLSA minimum wage claim and Counts V, VI, VII, VIII, and XIII, consistent with the Court's ruling. *See* Clerk's No. 190. One day prior to the deadline for refiling the Amended Complaint, Plaintiffs filed the present motion.

Plaintiffs have submitted with their motion for reconsideration a Proposed Amended Complaint which they seek permission to file. The Proposed Amended Complaint submitted, however, is not the previously approved Amended Complaint with the excisions required by the Court's March 20, 2008 Order. Plaintiffs did excise the minimum wage allegations from the FLSA claim, but the newly proposed Amended Complaint differs in the following respects:

1) Rather than excise Count V in its entirety (Violation of Illinois Rest and Meal Break Requirements), as directed, Plaintiffs have inserted the allegations of that count into the factual recitation of the Proposed Amended Complaint;

2) Plaintiffs have added to the factual recitation of the Proposed Amended Complaint nearly seven pages of facts not previously asserted. The factual recitation includes allegations regarding Defendant's own internal investigation of pay issues, Department of Labor investigations, claims that Defendant has admitted liability for violation of the various laws, and an extensive recitation of facts regarding Defendant's willfulness, including various citations to state statutes;

3) Plaintiffs have not excised Count VI (Violation of Indiana Minimum Wage and Overtime Requirements) in its entirety, as directed. Rather, Plaintiffs have left the claim in the Proposed Amended Complaint, now as Count V, with some changes. Specif-

ically, Plaintiffs have captioned the claim as "Violation of Indiana Wage and Overtime Requirements"; now refer to the relevant statute as the "Indiana Wage Payment Statute," rather than as the "Indiana Minimum Wage Act"; omitted the allegation asserting that Defendant is an "employer" and Plaintiffs are "employees" under the Act; and added an allegation that "Indiana does not permit Defendant to assert a 'good faith' defense to these wage claims."

4) Plaintiffs have not excised Count VII (Violation of Kansas Minimum Wage and Overtime Requirements) in its entirety, as directed. Rather, Plaintiffs have left the claim in the Proposed Amended Complaint, now as Count VI, with some changes. Specifically, Plaintiffs have now captioned the claim as "Violation of Kansas Wage and Overtime Requirements"; now assert that Defendant is an employer and Plaintiffs are employees under the Kansas statute "for certain purposes only"; changed the allegation that Defendant had failed to pay Plaintiffs for "the actual time they worked each week" to an allegation that Defendant failed to pay Plaintiffs for "the actual time they worked each week in excess of 46 hours"; and added an allegation that "Kansas also provides for recoupment of all unpaid wages Defendant owes Plaintiffs and putative class members," with citations to the statute and to state law.

5) Plaintiffs have not excised Count VIII (Violation of Kansas Record Keeping Requirements) in its entirety, as directed. Rather, Plaintiffs have left the claim in the Proposed Amended Complaint, now as Count VII, with some changes. Specifically, Plaintiffs have included an allegation that Plaintiffs "were under compensated; wages that they seek to recoup under K.S.A. 44–324(a) and [under the claim for Violation of Kansas Wage and Overtime Requirements]";

6) Plaintiffs have not excised Count XIII (Violation of Missouri Record Keeping Requirements) in its entirety, as directed. Rather, Plaintiffs have left the claim in the Proposed Amended Complaint, now as Count XII, with some changes. Specifically, Plaintiffs have added an allegation that, due to Defendant's conduct, Plaintiffs have "lost wages that they seek to recoup under § 290.527 and [under a claim for Violation of Missouri Wage and Overtime Requirements]";

7) On every state law claim asserted, including the "new forms" of Counts VI–VIII and XIII, Plaintiffs have added a claim for injunctive relief which provides: "Plaintiffs are also entitled to injunctive relief to prevent Defendant from its continuing violation of these statutory provisions and other appropriate class-wide injunctive relief for the [relevant] state subclass." Likewise, in the final prayer for relief, Plaintiffs have now requested that the Court "[i]ssue all appropriate injunctive relief to prevent Defendant from violating the respective federal and state statutory obligations with ongoing oversight as needed."

## II.  LAW AND ANALYSIS

### A.  *The "Minimum Wage" Claims*

Plaintiffs claim that they "inadvertently helped sow the seeds of confusion," by asserting claims of "minimum" wage violations, rather than "unpaid" wage violations. Specifically, Plaintiffs claim that

"[m]any of the independent state-law wage collection statutes ... are generically denoted 'minimum wage' laws." Pls.' Br. at 3. Plaintiffs also claim that, even though Judge Shields pointed out during the hearing on the original Motion to Amend the Complaint that Plaintiffs had not filed a reply to Defendant's resistance to the Motion to Amend, Plaintiffs, at all times, believed that they had filed a reply:

> Indeed, until the Court issued its Order on March 20, Plaintiffs' counsel did not realize the reply, which was prepared before December 18, 2007, had not been filed due [to] a clerical error. Plaintiffs regret and sincerely apologize for causing the Court to expend resources addressing claims that Plaintiffs did not seek to assert.

Pls.' Br. at 3. Regardless, Plaintiffs contend that their intent at all times was to assert an entitlement to "all unpaid wages," not to assert a claim for the receipt of a "minimum" wage under either the FLSA or under the various state laws. *Id.*

The Court finds Plaintiffs' "explanations" for the confusion unsatisfying. Regardless of whether Plaintiffs did or did not intend to file a Reply to Defendant's Resistance to Plaintiffs' Motion to Amend the Complaint,[1] and regardless of whether the state statutes are generically referred to as "minimum wage" laws,[2] it is clear when reading Defendant's brief in support of its appeal of the order granting Plaintiffs leave to amend the complaint, that Defendant was arguing that Plaintiffs' *minimum wage* claims were futile as a matter of law. *See* Clerk's No. 169–2. Rather than clarify that Plaintiffs were not stating *minimum wage* claims in their resistance to Defendant's appeal, Plaintiffs filed a two and one-half page brief that failed to address Defendant's futility arguments with any particularity whatsoever. Accordingly, given that the contested counts of the original Amended Complaint use the term "minimum wage" over and over again and, indeed, cited to specific state statutory provisions dealing with "minimum wages," the Court ruled on Defendant's objections to the Chief Magistrate Judge's Order, having no reason to believe that, despite the plain language of the Amended Complaint, Plaintiffs did not intent to assert *minimum wage* claims.

### B. *The Motion to Reconsider*

■ Plaintiffs proffers their present motion as a "Motion for Reconsideration and Clarification," pursuant to Federal Rule of Civil Procedure 60. The Rule in question provides:

---

1. The record supports a conclusion that Plaintiffs did *not* intend to file a Reply. Plaintiffs' counsel, Jon Tostrud, specifically stated the following at the hearing before Judge Shields on December 14, 2007:

   > Just to be clear, the two motions that we're discussing today and addressing today, one, the motion to amend the protective order is fully briefed. The motion to amend the complaint is technically not fully briefed yet. The Pacer site indicated that the plaintiffs had until December 18th to file a response. We think that we probably *do not need to file a response* to the defendant's resistance, but I did want to at least make that clear to the Court.

Hr'g Tr. at 4–5 (emphasis added).

2. Defendant aptly points out that the wage collection laws and the minimum wage laws of each state jurisdiction in question are different, and that the wage collection laws are not generically referred to as "minimum wage" laws. Plaintiffs, however, counter that the "overtime" laws are generally encompassed in the applicable state minimum wage statutes, even though the wage payment collection statutes of each jurisdiction are separately codified, and that the confusion arose due to the fact that Plaintiffs intended to assert both overtime and unpaid wage claims, but not minimum wage claims.

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60. The Court agrees with Defendant that Rule 60 is inapplicable in the present situation, since the Court's March 20, 2008 Order was not a final order or judgment. Nonetheless, the Court is well within its authority to reconsider a ruling, such as the March 20, 2008 Order, that is interlocutory in nature, pursuant to Federal Rule of Civil Procedure 54(b). *See, e.g., Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir.1993) (finding that district court erred by denying a Rule 60(b) motion to reconsider on the basis that the ruling in issue was not a "final judgment, order, or proceeding," and stating that the motion, made before all claims were decided, should have been considered under Rule 54(b)); *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F.Supp.2d 640, 646 (N.D.Iowa 2006) (finding that "Rule 54(b) provided authority to reconsider any interlocutory order").

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b). The standard to be applied in considering a motion to reconsider under Rule 54(b) is not clear, but "it is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil Procedure 60(b)." *Allstate Ins. Co. v. Weber*, No. 1:05cv00039, 2007 WL 1427598, at *2 (E.D.Ark. May 11, 2007); *see also Kirt v. Fashion Bug # 3252, Inc.*, 495 F.Supp.2d 957, 965 (N.D.Iowa 2007) (same). It is generally held that a court may amend or reconsider any ruling under Rule 54(b) to correct any " 'clearly' or 'manifestly' erroneous findings of facts or conclusions of law." *Allstate*, 2007 WL 1427598, at *2 (quoting *Doctor John's, Inc. v. City of Sioux City, Iowa*, 456 F.Supp.2d 1074, 1075 (N.D.Iowa 2006)). A motion to reconsider under Rule 54(b), however, may not "serve as a vehicle to identify facts or

raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *Grozdanich v. Leisure Hills Health Ctr., Inc.,* 48 F.Supp.2d 885, 888 (D.Minn.1999) (citation omitted); *see also Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion.... Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.").

■ Defendant asserts that the Proposed Amended Complaint attached to Plaintiffs' Motion is "substantially different than the Amended Complaint that the Court considered in its March 20, 2008, Order," and that Plaintiffs, therefore, are seeking "entirely new and different relief." Def.'s Br. at 6. Plaintiffs counter that the claims for unpaid wages are not new, and that while the Proposed Amended Complaint does assert additional factual detail, it "does not assert any claim for unpaid wages not previously asserted in the complaint the Court approved." Pls.' Br. at 2. The Court, having considered the arguments of the parties, finds that Plaintiffs are asking the Court to reconsider an issue or an argument that they did not previously raise in resistance to Defendant's appeal

of the Chief Magistrate Judge's Order on Plaintiffs' Motion for Leave to Amend, making a Motion for Reconsideration under Rule 54(b) inappropriate. The proper approach for Plaintiffs to have taken would have been to file the Amended Complaint, with the FLSA minimum wage claim and Counts V–VIII and XIII excised, per the Court's March 20, 2008 Order, and then to have filed a new Motion for Leave to Amend to assert the claims Plaintiffs now claim they intended to assert in the first instance.

### C. *Amendment*

■ Because it is clear that Plaintiffs are, in fact, seeking Leave to Amend the Complaint, the Court will exercise its discretion to convert the present Motion for Reconsideration to a Motion for Leave to Amend, pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides that a party may amend a pleading by leave of the court, and that "[t]he court should freely give leave when justice so requires." Defendant has made its objections to the proffered amendment clear,[3] and the Court can see no benefit to either party by permitting the matter to go unresolved, simply so that the parties can rebrief the entire issue before a magistrate judge.

1. *Illinois rest and meal break requirements and other factual allegations.*

■ The Court first ordered Plaintiffs to excise Count V of the Amended Complaint. Plaintiffs have not reasserted that

---

**3.** Defendant has made extensive argument in its brief in resistance to Plaintiffs' Motion to Reconsider that, should the Court opt to treat Plaintiffs' motion as one to amend, no amendment should be allowed because all of Plaintiffs state law claims are deficient as a matter of law. In the previous Motion to Amend heard by Chief Magistrate Judge Shields, Defendant did not object to nine of the fourteen new state law claims asserted. Rather than

limiting the present resistance to the contested counts, however, Defendant now argues that the nine counts to which it previously had no objection should not be permitted. The Court declines to address Defendant's argument in this regard. Rather, the Court treats the present motion to reconsider solely as a motion to amend the form of the Amended Complaint approved in the Court's March 20, 2008 Order.

claim, for "Violation of Illinois Rest and Meal Break Requirements," but rather has converted the allegations of the claim into additional facts supporting the claim in general. Since there is no claim arising out of the Illinois Rest and Meal Break Requirements, Defendant cannot object that the claim is futile.

While Defendant also contends that the factual allegations are irrelevant to any consideration of Plaintiffs' claims under the Illinois Wage Payment and Collection Act, the Court finds that the factual allegations will, nonetheless, be permitted. Likewise, the several pages of additional factual allegations will be permitted, as will the claims for injunctive relief. Notably, this Court does not provide trial juries with copies of the Complaint. Accordingly, there is no harm or prejudice that would accrue to Defendant by permitting the factual amendments, even if such facts are later deemed irrelevant or without merit.

### 2. *Indiana wage and overtime requirements.*

With regard to Count VI of the Amended Complaint, for violation of the Indiana Minimum Wage and Overtime Requirements, Plaintiffs have now reasserted the claim as Count V, for Violation of Indiana Wage and Overtime Requirements. In the proffered claim, Plaintiffs assert they "are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure." Proposed Am. Compl. ¶ 93. Plaintiffs further assert that Defendant "violated Indiana's Wage Payment statutes by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week, including for

hours worked over forty (40) per work week." *Id.* ¶ 80.

■ The Court previously held that Plaintiffs' assertion of a claim under Indiana Code § 22–2–2–4 was futile because the law specifically provides that actions for violations of that subsection may not proceed as class actions. *See* Ind.Code. § 22–2–2–9 (providing that "[a]ny employer who violates the provisions of section [22–2–2–4] of this chapter shall be liable to the employee or employees affected" and that an action for damages may be brought "by any one (1) or more employees for and on behalf of himself or themselves and all other employees of the same employer who are similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Plaintiffs now assert that the claim for unpaid wages and overtime actually arises under Indiana Code §§ 22–2–4–4 and 22–2–5–2. Indiana Code § 22–2–4–4 provides:

> Every corporation, limited liability company, company, association, firm, or person who shall fail for ten (10) days after demand of payment has been made to pay employees for their labor, in conformity with the provisions of this chapter, shall be liable to such employee for the full value of his labor, to which shall be added a penalty of one dollar ($1) for each succeeding day, not exceeding double the amount of wages due, and a reasonable attorney's fee, to be recovered in a civil action and collectable without relief.

Indiana Code § 22–2–5–2 provides:

> Every such person, firm, corporation, limited liability company, or association who shall fail to make payment of wages to any such employee as provided in

section 1[4] of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

Section 22–2–2–9 is not applicable to claims arising under §§ 22–2–4–4 or 22–2–5–2, and there is no similar provision barring class actions in the relevant subsections related to §§ 22–2–4–4 or 22–2–5–2. *See Goodyear v. Estes Exp. Lines, Inc.*, No. 1:06–cv–863, 2008 WL 687130, at *1 (S.D.Ind.2008) (discussing a class action lawsuit arising under Indiana Code § 22–2–5–1). Accordingly, the Indiana Wage Payment claim, as now asserted, is not futile on its face, and the Court will permit the amendment.

3. *Kansas wage payment and overtime requirements & Kansas record keeping requirements.*

With regard to Count VII of the Amended Complaint, for violation of the Indiana Minimum Wage and Overtime Requirements, Plaintiffs have now reasserted the claim as Count VI, for Violation of Kansas Wage Payment and Overtime Requirements. In the proposed claim, Plaintiffs assert that Defendant is an "employer" and that Plaintiffs are "employees" under Kansas Statute §§ 44–1201 et seq., "but for certain purposes only." Proposed Am.

Compl. ¶ 101. The claim alleges that "Defendant violated Kansas Statutes section 44–1201 et seq. by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the time they worked each week in excess of 46 hours." *Id.* ¶ 103. Plaintiffs contend that Kansas law "provides for recoupment of all unpaid wages Defendant owes Plaintiffs and putative class members" pursuant to Kansas Statute § 44–324(a).

Kansas Statute § 44–1203(a) provides that "every employer shall pay to each employee wages at a rate of not less than $2.65 an hour." Section 44–1204 provides that overtime compensation shall be paid to any employee who works in excess of forty-six hours in one workweek. Section 44–1211 provides that any employer who pays an employee less than the wages and overtime the employee is entitled to, "shall be liable to such employee affected for the full amount of such wages and overtime compensation...."

The Court previously found that an "employer," as defined by the Kansas statute, is "any individual, partnership, association, corporation, business trust or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, *but shall not include any employer who is subject to the provisions of the fair labor standards act* of 1938 (29 U.S.C.A. § 201 et seq.) and any other acts amendatory thereof or supplemental thereto." Kan. Stat. Ann. § 44–1202(d) (emphasis added). The Court further pointed out that § 44–1203(b), provides that "[t]he provisions of this section *shall not apply to any employers and employees who are covered under the provisions of section 6 of the fair labor standards act of 1938 as amended* (29 U.S.C.A. § 206), and as amended by the fair labor

---

4. Section 1, as referenced in Indiana Code § 22–2–5–2 provides, in substance, that all

employees shall be paid "the amount due the employee."

standards amendments of 1974 and any other acts amendatory thereof or supplemental thereto." Kan. Stat. Ann. § 44–1203(b) (emphasis added). The Court concluded that, pursuant to the language of those sections, Defendant was "subject to" the provisions of the FLSA, within the meaning of § 44–1202(d), and that both Plaintiffs and Defendant were "covered under the provisions of section 6" of the FLSA, within the meaning of § 44–1203(b). *See* March 20, 2008 Order at 16–17. Accordingly, the Court found that Plaintiffs' claim under the Kansas Wage and Overtime statute was futile on its face.

■ Plaintiffs now assert that they are entitled to recoup damage for violation of the Wage and Overtime statutes pursuant to Kansas Statute § 44–324(a). That section provides that "[a]ny proceeding by one or more employees to assert any claim arising under or pursuant to this act may be brought in any court of competent jurisdiction." Kan. Stat. Ann. § 44–324(a). Kansas Statute § 44–314, notably not cited by Plaintiffs in their Proposed Amended Complaint, provides that "[e]very employer shall pay all wages due to the employees of the employer at least once during each calendar month, on regular paydays designated in advance by the employer." Unlike § 44–1202(d), which is applicable to § 44–1201 et seq., an employer for purposes of §§ 44–314 is not excluded because that employer is covered under the FLSA. Defendant concedes that the "Kansas Wage Payment Act does not exclude employers subject to the FLSA." Def.'s Br. at 14. Accordingly, the Court will permit the amendment to allow inclusion of a Kansas claim for unpaid wages, pursuant to § 44–324(a).

4. *Kansas record keeping requirements.*

■ With regard to Count VIII of the Amended Complaint, for violation of the Kansas Record Keeping Requirements, Plaintiffs have now reasserted the claim as Count VII, for the same violation. The proposed count now alleges that class members "were under compensated" and that they seek to recoup wages under Kansas Statute § 44–324(a) and under the Kansas Wage Payment and Overtime Requirements. Plaintiffs further assert that they are entitled to injunctive relief to prevent Defendant from continuing to violate the Kansas record keeping statute.

Section 44–1209 provides that "every employer subject to any provision of [§§ ]44–1201 to 44–1213, inclusive, ... shall make and keep, for a period of not less than three (3) years ... a record of the name and occupation of each employee, the rate of pay and the amount paid each pay period to each such employee, the hours worked each day and each work week by each such employee and such other information as the secretary may prescribe...." There is no dispute that an employer, as defined by the Kansas law, has an obligation to comply with the Kansas record keeping requirements. The Court previously excluded this claim, however, on the basis discussed *supra* in relation to the Kansas Minimum Wage claim, i.e., on the basis that Defendant is not an "employer" within the meaning of § 44–1202(d).

Plaintiffs contend that *Dollison v. Osborne County* establishes that an employer must still comply with the requirements of the Kansas Minimum Wage law whenever the employee cannot assert the protections the FLSA was intended to provide. 241 Kan. 374, 737 P.2d 43 (1987). Plaintiffs point the Court to the following passage from *Dollison:*

Those exemptions to overtime pay such as 29 U.S.C. § 203(e)(2)(C) (the "personal staff" exemption) and 29 U.S.C. § 213(b)(20) (the fewer than five law

enforcement officers exemption) which apply only to the FLSA are not relevant to the present case. Even if the requirements of these exemptions were met by the facts of this case, it would exclude plaintiff only from the protections of the FLSA; it would not exclude him from the [Kansas Minimum Wage law]. The effect of plaintiff's falling within either of the above exemptions would mean only that the employment relationship was not "subject to the ... fair labor standards act of 1938." K.S.A. 44–1202(d). The county therefore could still fall within the less generous but still binding overtime pay requirements of the [Kansas Minimum Wage law].

*Id.* at 49. The exemptions referred to by the *Dollison* court pertain to the definition of an "employee" under the FLSA. Read another way, then, if the *employee* in *Dollison* was excluded from coverage under the FLSA, this could mean that the *employer* was not "subject to the provisions of the [FLSA]" within the meaning of § 44–1209 due to the exclusion of the *employee*. This, in turn, *could* lead to a conclusion that the *employer* might still be subject to the requirements of the Kansas Minimum Wage law. Thus, *Dollison* is distinguishable from the present case because Plaintiffs here make no conceivable argument that Defendant is not "subject" to the FLSA due to an FLSA exemption relevant to Plaintiffs. Accordingly, the Court reaffirms its previous conclusion that Defendant was not an employer under the Kansas Minimum Wage law and that Plaintiffs' claim in this regard is futile.

5. *Missouri record keeping requirements.*

■■■ With regard to Count XIII of the Amended Complaint, for violation of the

Missouri Record Keeping Requirements, Plaintiffs have now reasserted the claim as Count XII, for the same claim. Plaintiffs have now added to the count, however, an allegation that Plaintiffs seek to recoup lost wages pursuant to § 290.527 and pursuant to Plaintiffs' claim arising under the Missouri Wage and Overtime law.[5]

In furtherance of the goals of the Missouri Wage and Overtime law, Missouri has imposed a record keeping requirement on employers. Specifically, § 290.520 provides:

Every employer subject to any provision of sections 290.500 to 290.530 or any regulation issued under sections 290.500 to 290.530 shall make and keep for a period of not less then three years on or about the premises wherein any employee is employed or at some other premises which is suitable to the employer, a record of the name, address and occupation of each of his employees, the rate of pay, the amount paid each pay period to each employee, the hours worked each day and each work week by the employee and any goods or services provided by the employer to the employee as provided in section 290.512. The records shall be open for inspection by the director by appointment. Where the records required under this section are kept outside the state, the records shall be made available to the director upon demand. Every such employer shall furnish to the director on demand a sworn statement of time records and information upon forms prescribed or approved by the director. All the records and information obtained by the department of labor and industrial rela-

**5.** Defendant did not previously object to Plaintiffs' assertion of a claim under the Missouri Wage and Overtime law.

tions are confidential and shall be disclosed only on order of a court of competent jurisdiction.

Mo. Ann. Stat. § 290.520. In its March 20, 2008 Order, the Court excluded Plaintiffs' claim under the Missouri Record Keeping statute, finding that the § 290.520 does not provide for a private right of action. The Court noted that the only private right of action authorized under the Act was that provided by § 290.527, for an employee who has been paid less wages than those to which he was entitled:

> Any employer who pays any employee less wages than the wages to which the employee is entitled under or by virtue of sections 290.500 to 290.530 shall be liable to the employee affected for the full amount of the wage rate and an additional equal amount as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorney fees as may be allowed by the court or jury. The employee may bring any legal action necessary to collect the claim. Any agreement between the employee and the employer to work for less than the wage rate shall be no defense to the action. All actions for the collection of any deficiency in wages shall be commenced within two years of the accrual of the cause of action.

*Id.* § 290.527. The Court previously found that Missouri law disfavors implying a private cause of action:

> Here, the legislature clearly provided a private cause of action for violation of the minimum wage provisions, but did not explicitly provide a private cause of action as to the record-keeping provision in § 290.520. In fact, the legislature provided for alternative penalties for violation of the record-keeping provision in the enforcement provision of § 290.525. The omission of an express private right

of action in § 290.520, coupled with the alternative enforcement provisions for violations thereof in § 290.525, indicates that Missouri law does not support a private right of action for violation of the record-keeping provisions of the minimum wage law.

March 20, 2008 Order at 20.

Plaintiffs now contend that the Court should permit the claim to proceed, on the basis that § 290.527 authorizes an employee to "bring any legal action necessary to collect [a] claim" that the employee is entitled to "under or by virtue of sections 290.500 to 290.530." Plaintiffs assert that "[u]nder the plain language of the statute, Plaintiffs are entitled to assert claims under sections 290.500 to 290.530 in an effort to collect unpaid wages." Pls.' Br. at 12.

The Court finds Plaintiffs' contention in this regard utterly without merit. Nothing in § 290.527 creates or even implies a private right of action for violation of the record keeping requirements. At best, under an exceedingly liberal interpretation of the quoted language, Plaintiffs would be permitted to make a factual allegation that Defendant has failed to comply with the Missouri record keeping requirements as part of their claim for unpaid wages under the Missouri Wage and Overtime law.

## III. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Reconsideration and Clarification (Clerk's No. 190) is DENIED. The Court, however, will consider the motion as a Motion for Leave to Amend the form of the Amended Complaint the Court approved in its March 20, 2008 Order, which motion is GRANTED, pursuant to Federal Rule of Civil Procedure 15(a)(2). Plaintiffs are hereby granted leave to file, by May 7,

2008,[6] the Proposed Amended Complaint attached to Plaintiffs' Motion for Reconsideration and Request for Clarification, after making the following changes: 1) Plaintiffs shall excise, in its entirety, the claim for Violation of the Kansas Record Keeping Requirement; and 2) Plaintiffs shall excise the claim for violation of the Missouri Record Keeping Requirements, however, Plaintiffs may move the allegations in paragraphs 140[7] and 142,[8] verbatim, to another appropriate place in the Amended Complaint to serve as a factual allegation only. Any other changes to the form of the Amended Complaint, save for a renumbering of paragraphs and Count numbers, will subject Plaintiffs to sanctions. Furthermore, any further motions to reconsider the issue, by either Plaintiffs or Defendant, will be summarily dismissed. If Plaintiffs desire any further changes to the Amended Complaint, they may file a proper motion for leave to amend before the magistrate judge assigned to the case, pursuant to Rule 15(a)(2). If Defendant has further objections to the form of the Amended Complaint, as now approved by the Court, Defendant may assert such objections as a defense or claim in an appropriate dispositive motion at an appropriate time.

IT IS SO ORDERED.

6. Defendant shall file a responsive pleading to the Amended Complaint within 10 days after service thereof.

7. Paragraph 140 states: "Missouri Statutes [sic] § 290.520 requires employers to keep a record of hours worked each day and each workweek by their employees for a period of three years."

8. Paragraph 142 states: "Defendant violated Missouri Statutes [sic] § 290.520 by failing to make and keep records of the time Plaintiffs and class members spent each day and each week working for the Defendant."