# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

Nos. 10-2282/2401

_____

Outdoor Central, Inc.; The Central    *
Trust Bank,    *
   *
     Plaintiffs - Appellees,    *
   *
     v.    *
   *    Appeal from the United States
GreatLodge.Com, Inc.,    *    District Court for the
   *    Western District of Missouri.
     Defendant - Appellant,    *
   *
The Active Network, Inc.,    *
   *
     Cross-Defendant - Appellee.    *
   *
   *

_____

Submitted: February 24, 2011
Filed: July 11, 2011 (corrected August 4, 2011)

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Central Trust Bank and its wholly-owned subsidiary Outdoor Central, Inc. (collectively "Central Bank"), sued GreatLodge.Com, Inc., over the sale of an automated hunting and fishing licensing system. GreatLodge counterclaimed, and also cross-claimed against The Active Network, Inc. The district court awarded

Central Bank $965,000 in damages and certified several orders as final under Fed. R. Civ. P. 54(b). Both GreatLodge and Central Bank appeal. This court dismisses in part and affirms in part.

## I.

In 2004, Central Bank was seeking a partner to provide automated licensing services to state fish-and-game agencies. Central Bank purchased GreatLodge's assets for $965,000. By Section 7 of the purchase agreement, GreatLodge could receive further "earnout" payments depending on future performance. After the GreatLodge system showed signs of trouble, Central Bank spent significant resources salvaging it. The Bank later sold the system and other assets to Active Network for about $46.5 million.

In 2008, Central Bank sued GreatLodge in state court, alleging it misrepresented the capabilities and costs of its software system, as well as information about key programming personnel. GreatLodge removed the case to federal court, counterclaimed against Central Bank, and cross-claimed against Active Network. The district court granted Active Network's motion to dismiss. Central Bank and GreatLodge each moved for summary judgment, which the district court granted in part and denied in part.

The case went to a bench trial on Central Bank's Second Amended Complaint. The three claims were styled: "Damages for Fraud in the Inducement," "Damages for Breach of Express and Implied Warranties," and "Declaratory Judgment and Equitable Relief." The third claim centered on GreatLodge's alleged breach of the covenant of good faith and fair dealing. It sought restitution of the purchase price and a declaration that Central Bank had no duty to pay earnouts to GreatLodge. The district court and the parties agreed that the trial would center on the fraud issue, with damages determined later. After trial, the district court found that GreatLodge had committed fraud, and "since GreatLodge fraudulently induced Central Bank to enter

into the Contract, Central Bank does not owe GreatLodge any 'earnout' payments under the Contract and plaintiff Central Bank is entitled to judgment in its favor on Count III." The court further ordered "that all of defendant's Counterclaims are denied."

The district court awarded Central Bank $965,000, and designated its post-trial Order as a final judgment pursuant to Rule 54(b). Included in the Rule 54(b) certification was the dismissal of GreatLodge's counterclaims and cross-claim. The district court also designated as final its Order ruling for Central Bank on Count III. According to the district court, the claims remaining to be adjudicated "are [Central Bank]'s claims for breach of the implied warranty of fitness for the particular purpose in Count II of [its] Second Amended Complaint and for breach of the implied warranty of good faith and fair dealing in Count III." (Although the court had granted declaratory relief on Count III, the good-faith-and-fair-dealing issue remained.) GreatLodge appealed and Central Bank cross-appealed.

**II.**

Though the parties agree that the case is properly before this court, they may not create jurisdiction "by waiver or consent." ***Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.***, 551 F.3d 812, 816 (8th Cir. 2009), *citing* ***4:20 Commc'ns, Inc. v. Paradigm Co.***, 336 F.3d 775, 778 (8th Cir. 2003). This court must independently ascertain its own jurisdiction, even on its own motion. ***Huggins v. FedEx Ground Package Sys., Inc.***, 566 F.3d 771, 773 (8th Cir. 2009).

"Rule 54(b) permits the district court to 'direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.'" ***Interstate Power Co. v. Kansas City Power & Light Co.***, 992 F. 2d 804, 806-07 (8th Cir. 1993), *quoting* **Fed. R. Civ. P. 54(b)**. "A district court must first determine that it is dealing with a final judgment . . . . in the sense that it is an ultimate disposition of an individual claim." ***Curtiss-***

*Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quotation marks and citation omitted). Then: "In determining that there is 'no just reason for delay,' the district court must consider both the equities of the situation and 'judicial administrative interests,' particularly the interest in preventing piecemeal appeals." *Interstate Power Co.*, 992 F.2d at 807, *quoting Curtiss-Wright Corp.*, 446 U.S. at 8.

This court independently reviews whether a Rule 54(b) determination properly conferred appellate jurisdiction. *Matschiner v. Hartford Life & Acc. Ins. Co.*, 622 F.3d 885, 886 n.1 (8th Cir. 2010). Applying an abuse of discretion standard, this court largely defers to the district court's weighing of the equities, but more closely scrutinizes the analysis of judicial administrative interests. *Interstate Power Co.*, 992 F.2d at 807. "A Rule 54(b) determination should not be made routinely; it is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit." *Id.* (quotation marks and citation omitted).

This court disfavors Rule 54(b) appeals "'where [as here] the adjudicated and pending claims are closely related and stem from essentially the same factual allegations.'" *Huggins*, 566 F.3d at 775 (bracketing in *Huggins*), *quoting Hayden v. McDonald*, 719 F.2d 266, 270 (8th Cir. 1983) (per curiam), *and also citing McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008). Where each claim "requires familiarity with the same nucleus of facts and involves analysis of similar legal issues," the claims "should be resolved in a single appeal." *Interstate Power Co.*, 992 F.2d at 807. Central Bank's unadjudicated claims (warranty-of-fitness-for-particular-purpose and good-faith-and-fair-dealing) share the same facts as the certified claims. Further, under Missouri law, fraud and breach of warranty share similar elements, and the same conduct may support both theories. *See Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 122, 131-32 (Mo. banc 2010); *Morehouse v. Behlmann Pontiac-GMC Truck Serv., Inc.*, 31 S.W.3d 55, 59 (Mo. App. 2000). Due to the close factual and legal relationship between the fraud, warranty, and good-faith-and-fair-dealing claims, Rule 54(b) certification was inappropriate.

-4-

Central Bank argues that regardless of Rule 54(b), the district court's actions amount to a final judgment under 28 U.S.C. § 1291. According to the Bank, its unresolved warranty and good-faith-and-fair-dealing claims overlap with its successful fraud claim. Because it may recover only once, Central Bank reasons that the warranty and good-faith-and-fair-dealing claims are moot. Yet the Bank has not abandoned these alternative claims in the event of a remand. *Cf. **Acton v. City of Columbia, Mo.***, 436 F.3d 969, 974 n.3 (8th Cir. 2006). As its mootness argument hinges on affirmance of the fraud claim, this court would have to reach the merits before reaching jurisdiction. "[A] court may not assume 'hypothetical jurisdiction' to decide 'contested questions of law when its jurisdiction is in doubt.'" ***Ark. Blue Cross & Blue Shield***, 551 F.3d at 816, *quoting **Steel Co. v. Citizens for a Better Env't***, 523 U.S. 83, 101 (1998).[1]

## III.

The district court dismissed GreatLodge's cross-claim against Active Network. Rule 54(b) permits final judgment as to separate parties. **Fed. R. Civ. P. 54(b)**. The district court correctly identified the dismissal of the cross-claim as final, and its assessment of the equities is not "clearly unreasonable." ***Curtiss-Wright Corp.***, 446

---

[1] The Seventh and First Circuits have deemed judgments granting all requested relief as "final," despite some unresolved claims. *See **Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co.***, 916 F.2d 1174, 1183 (7th Cir. 1990), *followed by **Hamm v. Ameriquest Mortg. Co.***, 506 F.3d 525, 527 (7th Cir. 2007), *and **United States v. Rivera***, 55 F.3d 703, 712 (1st Cir. 1995). *Indiana Harbor* and *Rivera* predate the Supreme Court's disapproval of hypothetical jurisdiction in *Steel Co.* *Hamm* followed *Indiana Harbor* without further analysis and without mentioning *Steel Co.* Central Bank also cites *Blazak v. Ricketts*, 971 F.2d 1408 (9th Cir. 1992), which accepted an appeal of habeas relief from a conviction, while sentencing-related claims were unresolved. While several other circuits have agreed, this court has long taken the opposite approach in habeas cases. *Compare **Sprosty v. Buchler***, 79 F.3d 635, 645-46 & n.2 (7th Cir. 1996) (collecting cases), *with **Stewart v. Bishop***, 403 F.2d 674, 680 (8th Cir. 1968) (no jurisdiction).

U.S. at 10. As to judicial administrative interests, this court agrees that "issues involving The Active Network are self-contained." An appellate ruling will finally resolve the sufficiency of the cross-claim. The Rule 54(b) certification was proper as to Active Network.

GreatLodge filed an "Answer to Plaintiffs' Second Amended Complaint, Affirmative Defenses, Counterclaims and Cross-Claim Against The Active Network." Count V claimed unjust enrichment. "[U]njust enrichment . . . occurs where a benefit is conferred upon a person in circumstances in which retention . . . of that benefit without paying its reasonable value would be unjust." ***ACLU/E. Mo. Fund v. Miller***, 803 S.W.2d 592, 595 (Mo. banc 1991) (quotation marks and citation omitted). Where a party has already paid for something, "equity will not require [it] to pay twice." ***Johnson Group, Inc. v. Grasso Bros., Inc.***, 939 S.W.2d 28, 31 (Mo. App. 1997) (citation omitted). As GreatLodge acknowledges, Active Network paid about $46.5 million for assets that included the system that GreatLodge sold for $965,000. The district court properly granted dismissal.

GreatLodge's Count VI sought a declaratory judgment that Active Network owed earnouts to GreatLodge. One term of the Central Bank-Active Network agreement excluded the "Contract for Purchase of Business Assets dated March 1, 2005 by and between Central Bank and GreatLodge.com." However, another term provided, "Buyer [Active Network] hereby agrees to assume . . . subject to the indemnification obligations of Sellers . . . the liabilities and obligations of Central Bank under Section 7 of the GreatLodge Agreement." Arguably, this second term delegated Central Bank's duties, putting GreatLodge and Active Network in privity. GreatLodge's brief opposing the motion to dismiss discusses this second term. However, GreatLodge did not amend its pleading to allege the delegation. On appeal, GreatLodge points to Central Bank's Answer, which stated: "To the extent GreatLodge has any expectation of additional compensation in the future, its rights, if any, were preserved in the sale agreement with Active [Network]."

In deciding Rule 12(b)(6) motions, courts are not strictly limited to the four corners of complaints. *See* **Brown v. Medtronic, Inc.**, 628 F.3d 451, 459-60 (8th Cir. 2010). This court assumes without deciding that GreatLodge may rely on Central Bank's pleading to resist Active Network's motion to dismiss. "Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." **Id.** at 459, *citing* **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 556 (2007). The phrase "its rights, if any, were preserved" says nothing about delegation. This bare conclusion fails to move GreatLodge's Count VI "'above the speculative level,'" and the district court correctly dismissed it. **Id.**, *quoting* **Twombly**, 550 U.S. at 555. GreatLodge also argues that it sought relief from the dismissal by filing a motion under Fed. R. Civ. P. 59. "[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." **In re 2007 Novastar Fin. Inc., Sec. Litig.**, 579 F.3d 878, 884 (8th Cir. 2009) (quotation marks and citation omitted). GreatLodge does not point this court to any proposed amendment.

The dismissal of GreatLodge's cross-claim against Active Network is affirmed.

\* \* \* \* \* \* \*

The district court properly certified its order dismissing the cross-claim against Active Network, which is affirmed. As there is no final judgment on all claims or a proper Rule 54(b) certification as to the claims between Central Bank and GreatLodge, the remainder of the appeals are dismissed without prejudice, and the case remanded for further proceedings consistent with this opinion.

_____