# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1994

———————————————

Dinosaur Merchant Bank Limited

*Plaintiff - Appellee*

v.

Bancservices International LLC

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

——————————

Submitted: April 14, 2021
Filed: August 6, 2021
[Unpublished]

——————————

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

——————————

PER CURIAM.

When a magistrate judge granted judgment on the pleadings on one claim and then entered final judgment on it, *see* Fed. R. Civ. P. 54(b), there were still two related claims pending. Under these circumstances, circuit precedent requires us to dismiss the appeal. *See Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1118–19 (8th Cir. 2011), *as corrected* (Aug. 4, 2011).

This case arises out of a fractured banking relationship. Bancservices International LLC agreed to send money to a third party on Dinosaur Merchant Bank Limited's behalf. When the transfer failed, Bancservices unilaterally decided to keep a portion of the money for itself rather than return all of it to Dinosaur.

Seeking to recover the difference, Dinosaur sued Bancservices for breach of contract, breach of the covenant of good faith and fair dealing, and conversion. Rather than dealing with all three claims at once, a magistrate judge granted judgment on the pleadings to Dinosaur on only the breach-of-contract claim, without "reach[ing]" any of the others. *See* Fed. R. Civ. P. 12(c); *see also* 28 U.S.C. § 636(c)(1) (permitting a magistrate judge to preside by the parties' consent). Once final judgment was entered under Federal Rule of Civil Procedure 54(b), Bancservices appealed. Following oral argument, we asked the parties to address whether, in this unusual set of circumstances, *Outdoor Central* requires us to dismiss the appeal. After reviewing the parties' submissions, we conclude that it does.

As we explained in similar circumstances, "Rule 54(b) appeals" are "disfavor[ed]" when "the adjudicated and pending claims" bear a "close factual and legal relationship." *Outdoor Cent.*, 643 F.3d at 1119 (quotation marks omitted). Here, Dinosaur's still-pending claims "stem from essentially the same factual allegations" as its now-resolved breach-of-contract claim. *Id.* (quotation marks omitted). They also raise "similar legal issues." *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993); *see Outdoor Cent.*, 643 F.3d at 1119. Figuring out whether Bancservices acted consistently with its duty of good faith and fair dealing, for example, will require an examination of the parties' contract to determine whether it "expressly permit[ted] the actions being challenged." *Arbors at Sugar Creek Homeowners Ass'n v. Jefferson Bank & Tr. Co.*, 464 S.W.3d 177, 185 (Mo. banc 2015) (quotation marks omitted). Under these circumstances, "Rule 54(b) certification was inappropriate." *Outdoor Cent.*, 643 F.3d at 1119.

There was also no "final decision[]" to appeal. 28 U.S.C. § 1291; *see Outdoor Cent.*, 643 F.3d at 1119 (reaching the same conclusion). Even if the remaining claims "overlap with [the] successful" one and seek the same "recover[y]," *Outdoor Cent.*, 643 F.3d at 1119, there was no "merge[r]" or "dismiss[al]" by operation of law once the breach-of-contract claim was decided in Dinosaur's favor. *See id.* & n.1; *cf. Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 668 (8th Cir. 2008) ("A district court's sense of finality . . . does not determine whether we have jurisdiction over an appeal . . . ."). Nor are they "moot," because Dinosaur "has not abandoned [them] in the event of a remand." *Outdoor Cent.*, 643 F.3d at 1119; *see also id.* (explaining that this sort of "mootness argument" would impermissibly require us "to reach the merits before reaching jurisdiction," because it "hinges on affirmance of the [appealed] claim").

In short, *Outdoor Central* controls our decision at every turn. Faced with materially indistinguishable facts, we must do here what we did there: dismiss the appeal. *See Campbell v. Purkett*, 957 F.2d 535, 536 (8th Cir. 1992) (per curiam) ("One panel of this Court is not at liberty to overrule an opinion filed by another panel." (brackets and quotation marks omitted)).

_____