# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1332

_____

Jane Marie Hall,

*Plaintiff - Appellant,*

v.

Metropolitan Life Insurance Company; Dennis Lynn Hall, II,

*Defendants - Appellees.*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 24, 2013
Filed: May 8, 2014

_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jane Hall sued Metropolitan Life Insurance Company ("MetLife"), alleging that MetLife abused its discretion in denying her claim to receive the proceeds of her late husband's life insurance policy under an employee-benefit plan governed by the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. The district court[1] granted summary judgment for MetLife, and we affirm.

I.

Dennis Hall began work at Newmont USA Limited in August 1988. Through his employment at Newmont, Dennis obtained a life insurance policy issued by MetLife. In 1991, Dennis designated his son, Dennis Hall II, as the beneficiary of the life insurance policy. Under the terms of the governing employee-benefit plan ("the Plan"), MetLife is expressly granted "discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan." The Plan also informs Newmont employees how they may change the beneficiary or beneficiaries of their policy:

> You may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to the Policyholder using a form satisfactory to [MetLife]. Your Written request to change the Beneficiary must be sent to the Policyholder within 30 days of the date You Sign such request.

Jane Hall married Dennis in May 2001. Around March 2010, Jane and Dennis began traveling regularly to the Mayo Clinic in Rochester, Minnesota, for medical examinations and treatment relating to Dennis's cancer diagnosis. In November 2010, Dennis filled out and signed, but never submitted, a beneficiary-designation form naming Jane Hall as the sole beneficiary of his policy.

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

On January 25, 2011, Jane and Dennis traveled to Rochester for a routine appointment at the Mayo Clinic scheduled for the next day. In the early hours of January 26, Dennis awoke, partially paralyzed. After he was rushed to the Mayo Clinic, Dennis was informed that he had a very short time to live. On the next day, at the clinic, Dennis executed a will. The will provided, in relevant part, that "the following specific bequests be made from my estate. . . . Any and all life insurance and benefits shall be distributed to Jane Marie Hall. If this beneficiary does not survive me, this bequest shall be distributed with my residuary estate." Dennis died later that day.

On February 2, 2011, after learning of Dennis's death, a Newmont representative sent MetLife a copy of the 1991 form naming Dennis Hall II as the beneficiary of the life insurance policy. The representative informed MetLife that the 1991 form was the most recent document on file, but noted that Jane Hall "claim[s] she has a will." On February 10, 2011, Jane Hall sent MetLife a letter asserting that Dennis had learned of his impending death without adequate time to obtain an approved form from MetLife, but had intended his will to designate Jane as the beneficiary of his life insurance policy. As a result, she contended, she was entitled to the proceeds.

MetLife denied Jane Hall's claim, explaining that "[a] Will has no bearing on a Group Life Insurance benefit," and that the beneficiary of record was Dennis Hall II based on the 1991 form. Jane Hall appealed MetLife's decision, again arguing that Dennis had done all that he could in the circumstances to ensure that she would receive the life insurance proceeds. She later informed MetLife of the form Dennis had signed in November 2010, but never submitted, naming her as the sole beneficiary. After considering this information, MetLife upheld its denial of Jane Hall's claim. Two days later, MetLife distributed the life insurance proceeds to Dennis Hall II.

Jane Hall sued MetLife and Dennis Hall II in Minnesota state court; MetLife removed the case to federal court. Jane Hall sought a declaratory judgment that she, not Dennis Hall II, was entitled to the life insurance proceeds as the beneficiary of the policy. She requested a judgment against MetLife for the value of the policy. Jane Hall argued that MetLife abused its discretion because Dennis had complied with the Plan's requirements and, alternatively, because Dennis had satisfied the requirements of the federal common law doctrine of substantial compliance. MetLife responded that it had reasonably exercised its discretion in concluding that neither the will nor the November 2010 form had changed the policy beneficiary from Dennis Hall II to Jane Hall.

The parties filed cross-motions for summary judgment. The district court granted summary judgment for MetLife and denied Jane Hall's motion. The court ruled that MetLife acted reasonably in refusing to give effect to the November 2010 form because it had not been filed within thirty days of signature, as required by the Plan. The court also determined that MetLife reasonably concluded that Dennis's will did not effect a change in beneficiary: a will cannot directly dispose of a non-probate asset (such as the benefits under the policy), and the will bequeathed life insurance proceeds "from [Dennis's] estate," which was not the designated beneficiary under the Plan. The district court also concluded that Jane Hall's reliance on the substantial-compliance doctrine was foreclosed by *Kennedy v. Plan Administrator for DuPont Savings & Investment Plan*, 555 U.S. 285 (2009), and *Matschiner v. Hartford Life & Accident Insurance Co.*, 622 F.3d 885 (8th Cir. 2010). Jane Hall appeals, and we review the district court's grant of summary judgment *de novo*. *Hankins v. Standard Ins. Co.*, 677 F.3d 830, 834 (8th Cir. 2012).

II.

Where, as here, a plan governed by ERISA gives the administrator discretionary power to interpret the terms of the plan or to make eligibility

-4-

determinations, a federal court reviews the administrator's decisions for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989). Under this standard, we ask whether the administrator's interpretation of the plan was "reasonable," *Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010), and whether the administrator's determination "was supported by substantial evidence, meaning more than a scintilla but less than a preponderance." *Schatz v. Mut. of Omaha Ins. Co.*, 220 F.3d 944, 949 (8th Cir. 2000). "We examine only the evidence that was before the administrator when the decision was made." *Wakkinen v. UNUM Life Ins. Co. of Am.*, 531 F.3d 575, 583 (8th Cir. 2008).

A.

Jane Hall argues that MetLife abused its discretion by refusing to recognize either Dennis's will or the November 2010 form as a sufficient written request under the Plan to change the beneficiary from Dennis Hall II to Jane Hall. We address these documents separately.

First, Jane Hall asserts that Dennis's will effected a change in beneficiary. The will "direct[s] that the following specific bequests be made from my estate. . . . Any and all life insurance and benefits shall be distributed to Jane Marie Hall. If this beneficiary does not survive me, this bequest shall be distributed with my residuary estate." MetLife responds that the will was not a written request "satisfactory to [MetLife]" for two reasons: (1) a will cannot dispose of non-probate assets, such as the proceeds of an insurance policy, and (2) even if a will could do so, this will did not purport to designate Jane Hall as the beneficiary of the policy proceeds; rather, it identified the person to whom "life insurance and benefits" *payable to Dennis's estate* should be distributed. According to MetLife, a life insurance policy payable to someone other than Dennis's estate, such as this one, is unaffected by the terms of the will.

-5-

We conclude that MetLife reasonably determined that the will was inadequate to effect a change in beneficiary. Dennis's will addressed bequests from his estate. The estate was not a beneficiary of the policy, and Dennis's will—unlike the will in *Liberty Life Assurance Co. of Boston v. Kennedy*, 358 F.3d 1295, 1297 (11th Cir. 2004)—did not expressly address the distribution of assets that were not part of the estate. Although Dennis's will directed that "[a]ny and all life insurance and benefits shall be distributed to Jane Marie Hall," that command followed shortly after the direction "that the following specific bequests be made from my estate." It was thus reasonable for MetLife to construe the will to address only life insurance proceeds that were property of the estate. MetLife did not abuse its discretion simply because the will might be amenable to an alternative interpretation. *See Rutledge v. Liberty Life Assurance Co. of Bos.*, 481 F.3d 655, 659 (8th Cir. 2007).

Second, Jane Hall contends that the November 2010 form satisfies the Plan's requirements. The contents of the form were adequate to effect a change in beneficiary, but the Plan expressly required Dennis to submit a written beneficiary-change request within thirty days of signature for it to be effective, and he failed to do so. Jane Hall argues that the Summary Plan Description ("SPD") that MetLife distributed to Dennis contained no such deadline, and that the SPD should prevail over the Plan. Although this court has said that "an SPD provision prevails if it conflicts with a provision of a plan," that rule is inapplicable "when the plan document is specific and the SPD is silent on a particular matter." *Jensen v. SIPCO, Inc.*, 38 F.3d 945, 952 (8th Cir. 1994). In this case, the Plan is unambiguous: a written request to change the beneficiary of the life insurance policy must be submitted "within 30 days of the date You Sign the request." The SPD's silence on this point does not trump the Plan's clear requirement. MetLife thus did not abuse its discretion in refusing to give effect to a change-of-beneficiary form that was submitted long after the thirty-day window had closed.

Jane Hall asserts that because MetLife's letter rejecting her appeal did not specifically address the November 2010 form, this court should not consider MetLife's "*post hoc*" argument that the form was ineffective. *See King v. Hartford Life & Accident Ins. Co.*, 414 F.3d 994, 999-1000 (8th Cir. 2005) (en banc). MetLife's letter upholding its denial of her claim—issued thirteen days after MetLife received a copy of the November 2010 form—did not specifically address that form. The letter did, however, inform Jane Hall that "the latest beneficiary designation on file" was the 1991 form naming Dennis Hall II the beneficiary; the administrator thus implicitly rejected Jane Hall's suggestion that the November 2010 form was a valid beneficiary designation. MetLife's invocation of the thirty-day window does not rely on a novel interpretation of the Plan, and MetLife's letter put Jane Hall on notice that the November 2010 form was inadequate. As in *Hillstrom v. Kenefick*, 484 F.3d 519, 527 (8th Cir. 2007), "[n]othing of substance has been advanced in the litigation that was not raised in the administrative process."

For these reasons, we conclude that based on the evidence presented at the time of decision—the 1991 form, Dennis's will, and the November 2010 form—MetLife did not abuse its discretion in determining that Dennis Hall II, rather than Jane Hall, was the beneficiary of the life insurance proceeds.

B.

Jane Hall also argues that the district court erred by refusing to apply the federal common law doctrine of substantial compliance to conclude that Dennis effected a change of beneficiary. This court has adverted to the substantial-compliance doctrine without adopting it, *see Alliant Techsystems, Inc. v. Marks*, 465 F.3d 864, 870 n.1 (8th Cir. 2006), and the parties dispute whether the decisions in *Kennedy v. Plan Administrator for DuPont Savings & Investment Plan*, 555 U.S. 285 (2009), and *Matschiner v. Hartford Life & Accident Insurance Co.*, 622 F.3d 885 (8th Cir. 2010), foreclose our ability to recognize the doctrine at all. But assuming for the

-7-

sake of argument that the substantial-compliance doctrine remains available after *Kennedy* and *Matschiner*, the doctrine would not win the day for Jane Hall here. Where an ERISA plan administrator is given discretion under the plan to determine eligibility for benefits, the substantial-compliance doctrine would not deprive the administrator of the power to require strict compliance with the terms of the plan.

The leading decision that recognizes the doctrine of substantial compliance as a matter of federal common law is *Phoenix Mutual Life Insurance Co. v. Adams*, 30 F.3d 554 (4th Cir. 1994). Jane Hall urges us to apply the doctrine as expressed in that case:

> [A]n insured substantially complies with the change of beneficiary provisions of an ERISA life insurance policy when the insured: (1) evidences his or her intent to make the change and (2) attempts to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy.

*Id.* at 564 (internal quotation omitted). The Seventh Circuit, for example, has applied the substantial-compliance doctrine articulated in *Phoenix* to give legal effect to a beneficiary-designation form where the insured requested the form, completed it in her own handwriting, and submitted it but forgot to sign and date it. *Davis v. Combes*, 294 F.3d 931, 941-42 (7th Cir. 2002). The court reasoned that, where the insured's intent is clear, "[t]he fact that [the insured] made a careless error should not conclusively determine whether her efforts at naming a beneficiary were effective for purposes of the policy and the statute." *Id.* at 942.

But that *a court* may decide as a matter of common law to excuse technical non-compliance with the terms of an ERISA plan does not mean that *an administrator* with discretion under an ERISA plan is forbidden to enforce strict compliance with plan requirements. The courts in *Davis*, *Phoenix*, and similar cases

were tasked with determining the proper beneficiary in interpleader actions, not reviewing an administrator's decision for abuse of discretion under ERISA. *See, e.g.*, *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 560, 567-69 (7th Cir. 2002); *Davis*, 294 F.3d at 933; *Hartford Life & Accident Ins. Co. v. Wilmore*, 31 F. App'x 832 (5th Cir. 2002) (per curiam); *Phoenix*, 30 F.3d at 558. We, too, have recognized that when an administrator is granted no discretion and a denial of benefits is reviewed *de novo*, a reviewing court may look to federal common law "to construe disputed terms in a plan." *King*, 414 F.3d at 998. In that situation, application of the substantial-compliance doctrine might be appropriate. *Cf. BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 827-28 (9th Cir. 2000).

Whatever the soundness of the substantial-compliance doctrine in another context, however, the doctrine does not operate to interfere with discretion granted to a plan administrator by an ERISA plan. In exercising its discretion, an administrator might choose to excuse technical errors in beneficiary-designation forms, *see, e.g.*, *Alliant Techsystems*, 465 F.3d at 870-71, or it might elect to enforce strictly the terms of the plan. No rule of federal common law dictates either approach. As explained above, MetLife reasonably exercised its discretion in rejecting Dennis's will and the November 2010 form. The district court did not err in refusing to apply the substantial-compliance doctrine.

Our decision comports with the state law on which the Fourth Circuit relied to shape the federal common law version of the substantial-compliance doctrine in *Phoenix*. *See* 30 F.3d at 564. State courts draw a firm line between administrators, who may require strict compliance with policy requirements for beneficiary changes, and courts, which generally allow for substantial compliance when the administrator files an interpleader action. In *Prudential Insurance Co. v. Kamrath*, 475 F.3d 920 (8th Cir. 2007), for example, we described Missouri and New York law on this issue:

> By filing an interpleader action to resolve competing claims, an insurer waives strict compliance with policy terms directing how to change a beneficiary. Under both Missouri and New York law, a court may apply the equitable doctrine of substantial compliance to carry out the insured's intent where the insured has not strictly complied with the policy terms prescribing how to change a beneficiary.

*Id.* at 924 (citations omitted). State courts recognize, on the other hand, that allowing an administrator to require technical compliance with policy provisions protects the administrator from "paying the wrong person and being forced to pay twice." *Travelers Ins. Co. v. Smith*, 435 N.E.2d 1188, 1190 (Ill. App. Ct. 1982). Because the administrator eliminates that concern by filing an interpleader action, many courts apply equitable principles like substantial compliance in the interpleader context. *See, e.g.*, *Brown v. Agin*, 109 N.W.2d 147, 150-51 (Minn. 1961); *Faircloth v. Coleman*, 86 S.E.2d 107, 109-10 (Ga. 1955); *Metro. Life Ins. Co. v. Sandstrand*, 82 A.2d 863, 865-66 (R.I. 1951); *Wilkie v. Phila. Life Ins. Co.*, 197 S.E. 375, 380, 382 (S.C. 1938). In applying the substantial-compliance doctrine in *Phoenix*, the Fourth Circuit highlighted that it was considering an interpleader action, and "not a case in which an insured or a beneficiary is attempting to use an equitable theory to establish liability on the part of the administrator or the insurer when the written terms of the ERISA plan provide otherwise." 30 F.3d at 565. Even assuming for the sake of analysis that the substantial-compliance doctrine is available to federal courts in the interpleader context, we would not extend it to the circumstances presented here.

\*　　\*　　\*

The judgment of the district court is affirmed.

_____