**IN THE COURT OF APPEALS OF IOWA**

No. 15-0210
Filed May 25, 2016

**MITCHELL ANDERSON,**
    Plaintiff-Appellant,

**vs.**

**EMC NATIONAL LIFE COMPANY,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Christopher C. Foy, Judge.

Mitchell Anderson appeals an order granting summary judgment in favor of defendant EMC National Life Company on Mitchell's action for breach of contract and denying his own motion for summary judgment. **AFFIRMED.**

Brian R. McPhail of McPhail Law Firm, P.L.C., Osage, for appellant.

Todd A. Strother and Catherine M. Lucas of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

Considered by Doyle, P.J., Mullins, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**BLANE, Senior Judge.**

Mitchell Anderson, once the designated beneficiary of his father Brian Anderson's group term life insurance policy, appeals an order granting summary judgment in favor of defendant EMC National Life Company (EMC) on Mitchell's action for breach of contract and denying his own motion for summary judgment. Because we find the district court did not commit an error of law in ruling on the cross summary judgment motions, we affirm.

It is undisputed[1] that, prior to December 8, 2010, Mitchell was Brian's designated beneficiary for the life insurance policy at issue. That policy was maintained by Brian's employer, Opportunity Village. On December 8, 2010, Brian and his fiancée, Debra Kopp, completed forms changing their respective beneficiaries to each other. Those completed forms, however, remained on file with agents of EMC.

On February 28, 2011, Brian died. Shortly thereafter, a representative from Opportunity Village contacted EMC to inquire about the proper beneficiary on Brian's policy. At that point, the December 2010 beneficiary change form was provided to Opportunity Village. Based on that information, EMC paid Debra $90,189.87 in policy proceeds.

Mitchell filed suit, alleging he was the correct beneficiary on the policy. He alleged EMC's failure to pay him constituted breach of contract. Mitchell and EMC filed cross motions for summary judgment. The district court granted

---

[1] EMC attempted to introduce evidence to dispute this fact with its unfiled reply brief to the district court. The district court properly declined to consider this evidence. *See* Iowa R. Civ. P. 1.981(3). For our purposes, therefore, this fact is undisputed in the record.

summary judgment to EMC and denied Mitchell's motion. Mitchell filed this timely appeal.

Our review of orders granting summary judgment is for correction of errors at law. *Green v. Racing Ass'n of Cent. Iowa*, 713 N.W.2d 234, 238 (Iowa 2006). Summary judgment is warranted only where there is "no genuine issue of material fact and . . . the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3).

The life insurance policy at issue, provided by Brian's employer, is an "employee welfare benefit plan" under the Employee Retirement Income Security Act (ERISA). *See* 29 U.S.C. § 1002(1). ERISA supersedes state law relating to such plans. *See* 29 U.S.C. § 1144(a). "ERISA itself 'is silent on the matter of which party shall be deemed beneficiary among disputing claimants.'" *Sun Life Assurance Co. of Canada v. Wasko*, 939 F. Supp. 2d 944, 953 n.5 (S.D. Iowa 2013) (citation omitted). Thus, we look to the federal common law and its doctrine of substantial compliance.

The substantial compliance doctrine applies in situations where an insured attempts to change a policy's beneficiary but fails to comply with all of the plan's technical requirements for a beneficiary change. *Id.* at 952-53. Specifically, the insured employee must (1) evidence his or her intent to make the beneficiary change in dispute, and (2) take affirmative action to effectuate the beneficiary change for all practical purposes similar to the action required by the applicable provisions of the governing insurance plan. *Id.* at 953. Here, Brian completed paperwork to change his beneficiary and gave it to agents of the insurer, but for whatever reason, the record of his attempted change did not reach his employer

until after his death. We agree with the district court that Brian substantially complied with the requirements for a beneficiary change.

Mitchell argues the substantial compliance doctrine is no longer good law, and it has been replaced by the "plan documents rule," which, unsurprisingly, requires parties to adhere to their plan's documents. At the time of Brian's death, Mitchell was the designated beneficiary on all plan documents on file with Opportunity Village. Upon Brian's death, Mitchell contends his benefits vested. "At that point, the contract is no longer executory and must be performed in accordance with the terms then in existence." *Member Servs. Life Ins. Co. v. Am. Nat'l Bank & Trust Co.*, 130 F.3d 950, 956 (10th Cir. 1997). Mitchell, therefore, submits he is entitled to payment.

Mitchell finds support primarily from two cases: *Kennedy v. Plan Administrator for DuPont Savings & Investment Plan*, 555 U.S. 285 (2009), and *Matschiner v. Hartford Life & Accident Insurance Co.*, 622 F.3d 885 (8th Cir. 2010). These cases, he argues, supplant the substantial compliance doctrine with the plan documents rule. We disagree. "*Kennedy* and *Matschiner* stand for the proposition that the plan documents control ERISA-governed beneficiary changes, not that the plan documents must be strictly complied with by a participant who attempts to change a beneficiary . . . ." *Sun Life*, 939 F. Supp. 2d at 952. In both *Kennedy* and *Matschiner*, too, the plan participant did not attempt to change a beneficiary. Without that prerequisite—an unsuccessful attempt—to trigger analysis of the substantial compliance doctrine in either case, we fail to see how it could be overruled. *See generally Sun Life*, 939 F. Supp. 2d at 951-53.

The substantial compliance doctrine remains good law.  We agree with the district court there was substantial compliance in this case.  We therefore affirm the judgment of the district court.

**AFFIRMED.**