NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAE DAVIS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2022-1103

---

Petition for review of the Merit Systems Protection Board in No. PH-0843-20-0218-I-1.

---

Decided: January 13, 2023

---

DEBRA D'AGOSTINO, The Federal Practice Group, Washington, DC, for petitioner.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before PROST, TARANTO, and CHEN, *Circuit Judges*.

PROST, *Circuit Judge.*

Mae Davis appeals a decision from the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") denial of her request for lump-sum death benefits under the Federal Employees' Retirement System ("FERS"). Because the Board correctly concluded that the doctrine of substantial compliance does not apply to 5 U.S.C. § 8424(d)'s requirement that a beneficiary designation be signed, we affirm.

## BACKGROUND

Ms. Davis filed a claim for FERS lump-sum death benefits after the death of her cousin, Shirley Stinson. Ms. Stinson was a federal employee at the Internal Revenue Service ("IRS") when she died. And she had named Ms. Davis as the beneficiary of her Federal Group Life Insurance policy and Thrift Savings Plan. J.A. 212–13. Ms. Davis was also the administrator of Ms. Stinson's estate. J.A. 210.

As for the FERS benefits at issue here, Ms. Stinson had filled out three separate SF-3102 Designation of Beneficiary Forms before her death.

She submitted the first form in 2005 and designated a 99% share to her sister, Gwendolyn Scott, and a 1% share to her daughter, also named Shirley Stinson. J.A. 68. This first form was dated, had Ms. Stinson's signature, two witness signatures, and a signed agency certification stating, "I have reviewed this designation and certify that the designated shares total 100% and that no witnesses are designated as beneficiaries." *Id.*

In 2011, after the death of her daughter, Ms. Stinson submitted a second Designation of Beneficiary Form. J.A. 67. This form designated a 90% share to Ms. Scott, a 0.5% share to Sherry Blevins (a friend), and a 0.5% share to Tony Lamb (another friend). This second form similarly had Ms. Stinson's signature and that of two witnesses. *Id.*

And, despite the total shares adding up to only 91%, the agency signed the form "and certif[ied] that the designated shares total 100% and that no witnesses are designated as beneficiaries." *Id.*

In 2017, after Ms. Scott died, Ms. Stinson submitted a third Designation of Beneficiary Form. J.A. 66. It listed Ms. Davis as the sole beneficiary, allocating a 100% share to her. This form was dated and signed by two witnesses who "certif[ied] that th[e] statement was signed in [thei]r presence." *Id.* And, like the other forms, the agency signed the form's certification. But, unlike the two previous forms, Ms. Stinson's own signature was absent. *Id.*

In 2019, after Ms. Stinson died, the IRS informed Ms. Davis that she may be eligible for certain benefits and instructed her to send a completed SF-3104 Application for Death Benefits to OPM. J.A. 205. After reviewing Ms. Davis's application, OPM denied it, explaining that "the FERS Designation of Beneficiary form that lists you as a beneficiary is not valid, because the form was not signed by Shirley Stinson." J.A. 30. Ms. Davis appealed to the Board. She argued that, although unsigned, the 2017 form was valid based on Ms. Stinson's intent. In the alternative, Ms. Davis argued that she was the beneficiary of the 2011 form's undesignated shares as the administrator of Ms. Stinson's estate. J.A. 28; *see also Davis v. OPM*, Docket No. PH-0843-20-0218-I-1, 6–7 (M.S.P.B. July 19, 2021) ("*Board Decision*").

The Board affirmed OPM's determination that Ms. Davis was not entitled to benefits under the 2017 designation form. Because § 8424(d) expressly states that a signed writing is required to designate a beneficiary, the Board found that it was not permitted to consider Ms. Stinson's intent when evaluating the form's validity. *Board Decision,* at 12. The Board discussed Ms. Davis's argument that the substantial-compliance doctrine applied but

concluded that it did not because the signature requirement at issue was statutory. *Id*. at 11–12.

As for her alternative argument, the Board remanded to OPM to determine whether Ms. Davis was entitled to the 2011 form's unallocated 9% share as the administrator of Ms. Stinson's estate.[1] *Id*. at 15.

Ms. Davis timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review is limited by statute. We do not disturb the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "We review the Board's determinations of law for correctness, without deference to the Board's decision." *Becker v. OPM*, 853 F.3d 1311, 1313 (Fed. Cir. 2017) (cleaned up).

Ms. Davis's appeal challenges the Board's determination that the signed writing requirement of § 8424(d) was not amenable to analysis under the doctrine of substantial compliance.

It was Ms. Davis's burden to demonstrate entitlement to the lump-sum benefits she sought. *See Carreon v. OPM*, 321 F.3d 1128, 1130 (Fed. Cir. 2003) (citing *Cheeseman v. OPM*, 791 F.2d 138, 141 (Fed. Cir. 1986)). And OPM is only permitted to provide benefits authorized by law, regardless

---

[1]    Though Ms. Davis argued that 99% of the shares were undesignated, the Board found that only 9% were. *Board Decision*, at 14. Ms. Davis has not contested that finding here or any other aspect of the Board's ruling on this alternative argument.

of the equities involved. *OPM v. Richmond*, 496 U.S. 414, 416 (1990). That is true even when the employer's error has negatively impacted the employee's entitlement. *Id.*

Relevant to OPM's authorization here, § 8424(d) provides that FERS lump-sum death benefits:

> [S]hall be paid to the individual or individuals surviving the employee or Member and alive at the date title to the payment arises in the following order of precedence, and the payment bars recovery by any other individual:

> First, to the beneficiary or beneficiaries designated by the employee or Member in a *signed and witnessed writing* received in the Office before the death of such employee or Member. *For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.*

5 U.S.C. § 8424(d) (emphasis added).

The Board correctly determined that Ms. Davis was not entitled to benefits based on the 2017 designation form. The express language of § 8424(d) mandates that a designation "has no force or effect" unless it is signed (and meets other requirements). Thus, the statute does not allow OPM or the Board to consider Ms. Stinson's intent in lieu of a signature. And this case does not present a question about how the language "signed" should be understood or otherwise ask us to consider whether certain actions taken by Ms. Stinson or marks on the form fall within the meaning of the statute's express requirements. Instead, there is an undisputed blank in the signature box. What is framed as an argument about substantial compliance really asks us to do what we can't: rewrite § 8424(d).

Further, we agree with OPM that Ms. Davis's cited cases do not support her position that substantial compliance applies. First, even in the context of tax law, where

the substantial-compliance doctrine has been recognized, this court emphasized its narrow scope. *See Credit Life Ins. Co. v. United States*, 948 F.2d 723, 726–27 (Fed. Cir. 1991); *cf. Woodbury v. Comm'r.*, 900 F.2d 1457, 1460 (10th Cir. 1990) ("In assessing substantial compliance, a court must ask whether the requirements are mandatory in nature, or merely procedural details established to facilitate the Commissioner's administration of the Internal Revenue Code."). Second, the cases Ms. Davis cites involving certifications under the Contract Disputes Act analyzed whether the words used in the certification given comported with the scope of certification required by statute—they did not evaluate whether something other than a certification could substitute. *See, e.g.*, *Fischbach & Moore Int'l Corp. v. Christopher*, 987 F.2d 759, 762–63 (Fed. Cir. 1993). In contrast, here we are asked to substitute intent for the required signature.

Finally, the Board was correct that cases where the substantial-compliance doctrine was used to evaluate the validity of beneficiary changes under the Employee Retirement Income Security Act ("ERISA") policies have only a superficial similarity to this case. As the Fourth Circuit noted, "[t]he doctrine [of substantial compliance] does not conflict with ERISA's statutory provisions because ERISA is silent on the matter [of who shall be deemed a beneficiary]." *Phx. Mut. Life Ins. Co. v. Adams*, 30 F.3d 554, 563 (4th Cir. 1994). In those cases, the insurance policies themselves provide the requirements for designating beneficiaries and substantial compliance with those non-statutory requirements are evaluated. *See id.*; *Davis v. Combes*, 294 F.3d 931, 942 (7th Cir. 2002). Where ERISA itself provides the requirement at issue, the doctrine does not apply.[2] *See, e.g.*, *Butler v. Encyclopedia Brittanica, Inc.*,

---

[2]    In some contexts, courts have found that the doctrine was inapplicable even where the requirement was set

41 F.3d 285, 294 (7th Cir. 1994) ("[W]e cannot adopt a substantial compliance doctrine as a matter of federal common law in this case if it would conflict with ERISA's literal requirement that a spousal consent be 'witnessed.'").

The substantial-compliance doctrine has no role here where it would conflict with § 8424(d)'s literal requirement that a designation be "signed." This mandatory requirement does not leave room to look behind the lack of signature and instead evaluate intent. *See Langston v. OPM*, 395 F.3d 1349, 1351 (Fed. Cir. 2005) ("In construing a statute, our analysis begins with the language of the statute, and where the statutory language is clear and unambiguous, it generally ends there as well."); *cf. Sanford v. Clarke*, 52 F.4th 582, 586 (4th Cir. 2022) ("A district court's discretion to forgive strict compliance with a rule that explicitly allows for substantial compliance does not support the proposition that a district court has discretion to forgive strict compliance with a rule that contains no such provision and, in fact, imposes mandatory requirements."). As a result, the Board was correct to conclude that it did not have the authority to consider Ms. Stinson's intent when evaluating the force or effect of the unsigned form.

## CONCLUSION

We have considered Ms. Davis's other arguments and find them unpersuasive. Since § 8424(d) allows OPM to provide benefits to a designated beneficiary based only on

---

out by the ERISA policy itself. *See, e.g.*, *Fortier v. Hartford Life & Accident Ins. Co.*, 916 F.3d 74, 84 (1st Cir. 2019); *cf. Hall v. Metro. Life Ins. Co.*, 750 F.3d 995, 1000 (8th Cir. 2014) ("[T]hat *a court* may decide as a matter of common law to excuse technical non-compliance with the terms of an ERISA plan does not mean that *an administrator* with discretion under an ERISA plan is forbidden to enforce strict compliance with plan requirements.").

a signed writing, and it is undisputed that the 2017 form listing Ms. Davis was unsigned, we affirm the Board's finding that Ms. Davis is not entitled to benefits under the 2017 form.

## AFFIRMED

### COSTS

No costs.