**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-7278**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JERMAINE OTEASO OGATDES BENNETT, a/k/a Jermaine Oteaso Bennett,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:10-cr-00210-TDS-1)

---

Submitted:  June 15, 2023                                        Decided:  June 20, 2023

---

Before DIAZ, RICHARDSON, and HEYTENS, Circuit Judges.

---

Remanded by unpublished per curiam opinion.

---

Jermaine Oteaso Ogatdes Bennett, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermaine Oteaso Ogatdes Bennett seeks to appeal the district court's October 12, 2022, order denying the portion of his supplemented motion construed as filed under 18 U.S.C. § 3582(c)(1)(B) for a sentence reduction pursuant to § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. Bennett filed a notice of appeal on October 26, 2022.[1] On appeal, Bennett suggests that the district court recharacterize his pending motion as a motion for reconsideration of the denial order and requests that this court either stay the proceedings until the district court rules on his motion or remand his case to the district court. We remand to the district court.

Upon reviewing the record, we conclude that Bennett's pending "Movant's Pro Se Motion for a downward vari[a]nce to the five[-]year mandatory minimum/Objections to PSR dkt # 96" should have been liberally construed as a motion to reconsider the district court's denial order. *See Sanford v. Clarke*, 52 F.4th 582, 587 (4th Cir. 2022) ("Pro se filings are to be construed liberally."). Although "the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed," *Nilson Van & Storage Co. v. Marsh*, 755 F.2d 362, 364 (4th Cir. 1985), a would be appellant who files a reconsideration motion in a criminal case[2] within the

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is considered filed the moment it is delivered to prison authorities for mailing to the court).

[2] *See United States v. Goodwyn*, 596 F.3d 233, 235 n.* (4th Cir. 2010) ("[ Section] 3582 motions . . . are criminal in nature.").

original period in which an appeal is permitted is entitled to the full time period for noticing the appeal after the motion to reconsider has been decided, *see United States v. Ibarra*, 502 U.S. 1, 4 n. 2 (1991); *United States v. Christy*, 3 F.3d 765, 767 n. 1 (4th Cir. 1993).  Here, Bennett filed his motion construed as one for reconsideration on October 13, 2022, and the district court docketed the motion on October 20, 2022, within the allowed appeal period. *See* Fed. R. App. P. 4(b)(1)(A), (b)(4).   Accordingly, Bennett's notice of appeal is premature.

Because Bennett's notice of appeal will not be effective until the district court disposes of the motion to reconsider, we are constrained to remand this case so that the district court may rule on the motion for reconsideration.  The parties should inform this Court when the district court has ruled and provide a copy of the order disposing of the motion to reconsider.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REMANDED*

3